**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TIMOTHY S. KEATHLEY**
**a/k/a SHANE KEATHLEY,** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:18cv00383-BSM**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** **DEFENDANT**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Timothy S. Keathley a/k/a Shane Keathley, and states as follows:

**PARTIES AND JURISDICTION**

1. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits this Court has jurisdiction over this action and that venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits that it is incorporated in New Hampshire and is lawfully authorized to do business in Arkansas. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that it issued Group Disability Income Policy No. GF3-840-444153-01 (the "Policy") to Acxiom Corporation ("Acxiom") which, at certain times, insured the Acxiom Corporation Long-Term Disability Plan (the "Plan") sponsored by Acxiom. Liberty Life was the claims administrator of claims for the Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## FACTS

6. Liberty Life admits that Plaintiff was, at certain times, employed by Acxiom and a participant in the Plan. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life admits the Policy

includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 7 seek to interpret the provisions of the Policy, Liberty Life refers to the Policy as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits that, at certain times, Plaintiff received benefits from the Plan. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the Plan under the Policy was determined, and Liberty Life refers to these documents themselves as the best evidence of the contents. Liberty Life admits it sent a letter to Plaintiff dated November 7, 2017, and a letter to Plaintiff's counsel May 10, 2018, but Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Liberty Life refers to the Policy as the best evidence of its contents. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it sent a letter to Plaintiff's counsel May 10, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that the benefits received by Plaintiff from the Social Security Administration are considered benefits from other income that must be deducted from Plaintiff's recovery of benefits, if any, from the Plan, pursuant to the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that it issued the Policy which, at certain times, insured the Plan sponsored by Acxiom. Liberty Life was the claims administrator of claims for the Plan under the Policy. Liberty Life specifically denies that it was the Plan Administrator of the Plan. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan under the Policy, along with attorneys' fees, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan under the Policy, along with interest, but Liberty Life denies Plaintiff is

entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

No response is required to the "WHEREFORE" Paragraph of the Complaint as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 2nd day of July, 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Daniel A. Webb, Esq.
dwebblaw@att.net

July 2, 2018 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers